### JAMES LINNEY *v.* THE STATE.

UNLAWFUL HERDING OF STOCK—INFORMATION.—In a prosecution by information, under the act of June 2, 1873, for the unlawful herding of stock upon the land of another, without the consent of the owner, and within one-half mile of the residence of any citizen of this State, it is essential that the information allege the number of hours the stock was so herded after notice to leave, as the penalty for the violation of the act is regulated by the number of hours the violation continued.

APPEAL from the County Court of Bee.   Tried below before the Hon. W. R. HAYES, County Judge.

The opinion sufficiently states the case.

*J. J. Swan,* for the appellant.

*W. B. Dunham*, Assistant Attorney-General, for the State.

WINKLER, J.   The appellant and two others were prosecuted in the County Court, by information, for an alleged violation of the act of June 2, 1873, entitled "An act to prevent the herding of stock on certain lands therein named."   The information charges, that " on the 20th day of May, A. D. 1878, within the limits of the county of Bee, Fulmore Linney, James Linney, and Joseph Curviel did unlawfully herd a drove of cattle, in number exceeding twenty-five head, within less than one-half mile of the private residence of L. P. H. Williams, after being duly notified to leave."

On the trial, the other defendants were acquitted, and this appellant was convicted and a fine imposed of $50 ; after which a motion was made in arrest of judgment, on the ground, among others, that the complaint does not specify the number of hours the defendant remained on the land.   The motion was by the court overruled, and notice of appeal was given.   We are of opinion that the court erred in overruling the motion in arrest of judgment.

By section 1 of the act it is declared that, after the act should go into effect, it shall not be lawful for any person or persons to herd any drove of cattle or horses, numbering more than twenty-five head, upon any land in this State, not his own, situated within one-half mile of the residence of any citizen of this State, without the consent of the owner of said land.

By section 2 it is provided, " that whenever any person so unlawfully herding horses or cattle shall be requested by any resident of this State, residing within one-half mile of the place where such stock are being so unlawfully herded, to remove the same from such land, and shall fail, refuse, or neglect to remove such stock at once, he shall be deemed

:guilty of a misdemeanor, and, upon conviction before any ·court of competent jurisdiction, shall be fined in any sum not exceeding one hundred dollars for each hour of delay after notice given.''

From this extract, it will be seen that the punishment to which one who violates the provisions of the act becomes liable, upon conviction, is regulated and is dependent upon the number of hours he shall delay in removing the stock :after he shall have been requested by the resident being intruded upon to remove them.

This information should be given the accused by the indictment or information. The information in the present ·case is defective and insufficient, because it does not charge the number of hours the herd was permitted to remain after being requested to remove them. This is fatal to the conviction, and goes to the foundation of the prosecution. The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*